UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| KATHERYN SWENSON | CIVIL ACTION NO. 15-CV-2042 |
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| ELDORADO CASINO SHREVEPORT JOINT VENTURE | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court are three motions to dismiss, filed by Lincoln National Life Insurance Company ("Lincoln National") [Record Document 37], United of Omaha Life Insurance Company ("United of Omaha") [Record Document 45], and Eldorado Casino Shreveport Joint Venture ("Eldorado") [Record Document 51]. This is the second round of motions to dismiss by these defendants. Plaintiff's original complaint alleged only state law causes of action, Record Document 1, and the Court found that those state law claims against defendant Lincoln National were completely preempted by ERISA. Record Document 35. Plaintiff was granted leave to amend her complaint to expressly include a claim for benefits under ERISA. Id., p.2. The Court did not consider United of Omaha's or Eldorado's motions to dismiss the original complaint because the Court lacked sufficient evidence of the applicability of ERISA to United of Omaha's benefit plan. Plaintiff then filed her First Supplemental & Amended Complaint ("amended complaint"). Record Document 36. All Defendants now move to dismiss the amended complaint. Record Documents 37, 45, and 51.

Page 1 of  19

For the reasons that follow, Lincoln National's Motion To Dismiss [Record Document 37] is **GRANTED**. Plaintiff's claim for denial of benefits and her claims for violation of COBRA are **DISMISSED WITHOUT PREJUDICE** for failure to exhaust, and her claims for equitable relief and breach of fiduciary duty are **DISMISSED WITH PREJUDICE**.

United of Omaha's Motion To Dismiss [Record Document 45] is **DENIED**, with the right to reurge its motion within 60 days of the date of this order to assert the facts necessary for a determination of jurisdiction under ERISA. Eldorado's Motion To Dismiss [Record Document 51] is **DENIED**, with the right to reurge its motion within 60 days of the date of this order to assert the facts necessary for a determination of jurisdiction under ERISA. If no motions are filed by within 60 days of the date of this order, the Clerk of Court is directed to remand this case, for lack of subject matter jurisdiction, to the First Judicial District, Caddo Parish, where it was pending as suit number 585387-B.

**I. Factual and Procedural Background**

The facts of this case were set out in detail in the Court's first memorandum order on the motions to dismiss. Record Document 35. Only a brief restatement is necessary here. Katheryn Swenson, the Plaintiff, is the widow of Donald Swenson, who was employed by Eldorado Casino. Record Document 36, p.2. Plaintiff states that Mr. Swenson took a leave of absence from his employment at Eldorado, for, it appears, just over a year, from January 1, 2013, to January 27, 2014, for medical treatment. Record Document 36, pp. 2-3. According to Plaintiff, Mr. Swenson remained on the Eldorado

payroll during this time, but Eldorado never scheduled him to return to work after he returned from leave. Id., pp. 2-4.  Mr. Swenson passed away in April 2014.

Eldorado purchased group life insurance policies through two companies, Lincoln National, the insurer through the end of 2013, and United of Omaha, the insurer beginning in 2014. Id. at p.5. After Mr. Swenson's death, Plaintiff brought this suit alleging state law claims against Eldorado and both insurers for life insurance benefits she asserts she is owed under their respective policies. This Court found that Plaintiff's state law claims against Lincoln National were preempted by ERISA, and granted Plaintiff leave to file an amended complaint stating claims under ERISA. Id. Plaintiff did so. Record Document 36. The Court did not rule on United of Omaha's or Eldorado's first motion to dismiss because the Court lacked sufficient information from which to determine ERISA applicability. Record Document 35.

Plaintiff's amended complaint alleges seven state law claims against all three defendants: negligence, equitable estoppel, detrimental reliance, "negligence in law/negligence per se," bad faith, "waiver by Lincoln National," and breach of contract. Record Document 36, p. 10-17. Plaintiff further alleges fourteen "federal causes of action," entitled: breach of fiduciary duty under ERISA, Conversion/Portability/Continuation/Eligibility Waiting Period rights, detrimental reliance, promissory estoppel or equitable estoppel, futility of administrative appeals, violations of COBRA, reformation, breach of fiduciary duty by misrepresentation of plan terms, injunctive relief, declaratory judgment relief, attorney fees, unjust enrichment,

discovery sought for complete administrative record, and an uninsured status claim against Eldorado. Id., pp. 18-46.

## II. Analysis

Defendants move to dismiss Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. Record Documents 37, 45 and 51.

At the outset, the Court notes that some of Plaintiff's alleged "federal causes of action" are not, in fact, causes of action. A cause of action is the legal theory on which basis the Plaintiff asserts she is entitled to relief. Plaintiff's tenth[1] federal cause of action, "injunctive relief," is a form of relief, not a cause of action. Accordingly, the Court will consider this request as part of Plaintiff's prayer for relief, and not a stand-alone cause of action.

Plaintiff's twelfth cause of action is "attorney fees." Record Document 36, p. 40. ERISA allows courts to award attorneys' fees to either party. 29 U.S.C. § 1132(g)(1). As with injunctive relief, attorneys' fees are another form of relief a court may award. Once again, the Court will consider this claim to be a part of Plaintiff's prayer for relief rather than its own cause of action.

Finally, Plaintiff's fourteenth federal cause of action is styled "discovery sought for complete administrative record." Record Document 36, p. 41. Seeking discovery is

---

[1]The Court will use Plaintiff's numbering of her claims for clarity, although the Court notes that this numbering appears to omit a "Third" cause of action, and instead jumps from "Second" to "Fourth."

not a cause of action, but rather a mechanism for obtaining facts to prove a cause of action. The Court will consider discovery requests at the appropriate time.

    A. Standard of Review under Rule 12(b)(6)

    A plaintiff's complaint must "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678. In determining whether the plaintiff has stated a plausible claim, the court must construe the complaint in the light most favorable to the plaintiff, see In re Great Lakes Dredge & Dock Co. LLC, 624 F.3d 201, 210 (5th Cir. 2010), and accept as true all of the well-pleaded factual allegations in the complaint. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007); In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2009). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. Thus, the Court does not have to accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." Plotkin v. IP Axess Inc., 407 F.3d 690, 696 (5th Cir. 2005).

    B. Lincoln National

    i. State Law Claims

    The Court previously held that Plaintiff's state law claims against Lincoln National were preempted by ERISA and dismissed those claims with prejudice. Record Document

35, p.9. Plaintiff cannot re-assert them.

One of Plaintiff's purported "federal causes of action" is also, in reality, a repetition of her state law claims. In her eleventh federal cause of action, "declaratory judgment relief," Plaintiff seeks a declaratory judgment that "the Louisiana life insurance claims are not preempted by ERISA." Record Document 36, p. 40. Plaintiff essentially asks the Court to reconsider its previous finding. The Court declines to do so. Plaintiff's claim for declaratory judgment must be dismissed with prejudice.

ii. Denial of Benefits under ERISA

As this Court has previously noted, Plaintiff's suit is fundamentally a claim for benefits, although she does not set this out in a specific cause of action. Record Document 35, p. 1. Throughout her amended complaint, Plaintiff alleges that Lincoln National wrongfully denied a claim for benefits under its life insurance plan. Record Document 36, p. 18 ("[P]laintiff is seeking…to redress violations of the policies and denial of benefits owed [and] to enforce any provisions of the terms of the plans."), p. 21 ("defendants unlawfully denied coverage. Plaintiff has been denied ERISA benefits…"), p. 29 ("Plaintiff is entitled to benefits under the policies…"), p. 38 ("Lincoln National unlawfully denied coverage…"), p. 39 ("Plaintiff seeks injunctive relief prohibiting [United of Omaha] and Lincoln National from denying coverage under their policies."). Construing the complaint liberally, the Court reads Plaintiff's complaint to allege, under 29 U.S.C. § 1132(a)(1)(B), that Lincoln National wrongfully denied life insurance plan benefits.

ERISA provides a plan participant or beneficiary with a cause of action to recover benefits allegedly due to her under the terms of the plan, to enforce her rights under the plan, or to clarify her rights to future benefits under the terms of the plan. 29 U.S.C. § 1132(a)(1)(B). However, a plaintiff claiming benefits owed under an ERISA plan "must first exhaust available administrative remedies under the plan before bringing suit to recover benefits." Bourgeois v. Pension Plan for Employees of Santa Fe Intern. Corps., 215 F. 3d 475, 479 (5th Cir. 2000). When attempts to exhaust the administrative review process would be futile, exhaustion is not required. Id. Plaintiff argues that administrative exhaustion would be futile in this case because "Eldorado, the administrator of both relevant life insurance plans, actively participated in the claims process and advocated as the plan administrator on behalf of plaintiff for benefits." Record Document 36, p. 30. Essentially, this is an argument that if Eldorado could not succeed in the claims process, no one could.

Plaintiff cites no authority that supports this definition of futility, relying only on a single case in which the exhaustion doctrine was found to be inapplicable because there was no cause of action relating to an ERISA plan. Chailland v. Brown & Root, 45 F.3d 947, 950-51 (5th Cir. 1995). The plaintiff in that case was fired by his employer and brought suit alleging that he was fired to prevent him from obtaining increased pension benefits, in violation of ERISA. Id. at 948. The pension plan itself took no action against the Plaintiff, nor could it give him what he wanted – back pay and reinstatement. Id. at 949. The Fifth Circuit found that because "this lawsuit...does not involve any action of a

plan covered by ERISA...[and] the [retirement plan] is not capable of providing the remedy that [Plaintiff] seeks...we hold that our exhaustion doctrine is simply inapplicable in this case." Plaintiff's reliance on Chailland is misplaced. Plaintiff's claim here does involve an action of a plan covered by ERISA – the denial of benefits by Lincoln National -- and the plan is capable of giving Plaintiff what she seeks – life insurance benefits. Chailland is simply inapplicable.

In a case considering the futility question at length, a plaintiff brought suit against an ERISA plan but failed to first exhaust his administrative remedies. Bourgeois, 215 F.3d at 478-79. The plaintiff argued that exhaustion was futile because he corresponded with the chairman of the board of his employer's parent company, who, after several letters back and forth, told him his claim would receive no additional consideration, and he never submitted the claim to the plan's review committee. Id. The Fifth Circuit found that these facts did not excuse the exhaustion requirement because the Plaintiff offered no evidence that it would have been futile to present his claims to the committee. Id. at 480. In a similar case, the Fifth Circuit again found no futility in administrative exhaustion, although the plaintiff argued that only insurance company personnel would be involved in the review process, all but assuring she would not succeed. Davis v. AIG Life Ins. Co., 85 F.3d 624 (5th Cir. 1996). "Exhaustion is to be excused only in the most exceptional circumstances." Id.

Plaintiff filed a claim with Lincoln National that was denied. Record Document 36-1, p. 4-6. Lincoln National informed Plaintiff of its appeals process at that time, but

Plaintiff has offered no evidence that she pursued the appeal. Instead, Plaintiff concludes that because the original claim was denied, the appeal would certainly have been too. Whatever the probability of this outcome, this argument could be made for any insurance company review process, and therefore cannot be the sort of exceptional circumstances required by the Fifth Circuit to excuse the exhaustion requirement. Plaintiff's denial of benefits claim against Lincoln National must therefore be dismissed without prejudice as premature.

    iii. Violations of COBRA

Plaintiff alleges that defendants violated COBRA, although she does not give details about how each defendant allegedly did so. Construing the complaint liberally, Plaintiff appears to assert that defendant Lincoln National violated COBRA's notification requirement. Lincoln National does not specifically address COBRA's application.

COBRA, the Consolidated Omnibus Budget Reconciliation Act, allows beneficiaries of a group health plan to continue paying for insurance after a "qualifying event" occurs that would otherwise terminate the coverage. Kidder v. H&B Marine Inc., 932 F.2d 347, 356 (5th Cir. 1991). COBRA imposes notification requirements at two different times: when coverage begins, and when a qualifying event occurs. Id. When coverage begins, all the individual parties to the group plan, including the insurer, must notify beneficiaries of their rights to continue coverage should some qualifying event occur down the line. Id. When a qualifying event occurs, the employer must notify the plan administrator. 29 U.S.C. § 1166(a)(3). Qualifying events include the death of a covered

employee, the termination or reduction of hours of the covered employee, and the covered employee becoming entitled to Social Security benefits. 29 U.S.C. § 1163.

Lincoln National provided the required notification when coverage began. In the policy it provided to Eldorado, there is a section titled "Continuation of Coverage" that explains the circumstances under which insurance coverage may be continued, and the requirements for doing so. Record Document 9-2, p. 26. This section goes on to say that coverage cannot be continued "when Policy coverage terminates solely because: (1) an Insured Person's Employer ceases to be a Participating Employer; or (2) this Policy terminates." Id. Plaintiff does not assert that she never received this policy. Lincoln National therefore satisfied its notification requirement under COBRA.

To the extent that Plaintiff is alleging that Lincoln National violated a notification requirement because it did not send a "qualifying notice" before the policy's termination on December 31, 2013, or at the time of Mr. Swenson's leave of absence, this is a misunderstanding of the notification requirements. Record Document 36, p. 35. COBRA requires the employer to notify the plan administrator of the occurrence of a qualifying event. 29 U.S.C. § 1166(a)(3). Nowhere does COBRA require an insurer to notify a beneficiary that the plan has been terminated because the employer ended participation in the plan. Nor is the insurer required to notify the employee of a qualifying event; in fact, this notification requirement flows in the opposite direction. Id. Moreover, Lincoln National's policy explicitly states that continuation coverage is not available when the employer ends its participation in the plan or when the policy terminates. Lincoln

National satisfied all notification requirements imposed by COBRA, and Plaintiff's claim must therefore be dismissed.

Plaintiff argues a related point in her claim for violation of her conversion and other related rights because Mr. Swenson was not given the opportunity to convert his group policy to an individual policy when the Lincoln National policy ended. Record Document, p. 22-27. This is a claim Plaintiff previously asserted under state law. Record Document 1-1, p. 6. As with Plaintiff's other state law claims, a claim relating to the right to convert from an ERISA plan is preempted by ERISA. The Magistrate Judge's well-reasoned Report and Recommendation analyzed a number of cases considering whether conversion rights are preempted by ERISA. Record Document 30, p. 7-10. After an independent review of those cases, the Court finds that Plaintiff's claim for conversion rights is a claim for rights under an ERISA plan, and is therefore preempted. Wright v. Anthem Life Ins. Co., 2000 WL 870807, at *7 (N.D. Miss. June 14, 2000) ("Claims arising from the right to convert to an individual policy are grounded in ERISA and are to be decided by reference to the terms of the ERISA plan.").

Plaintiff points to no provision of federal law in her attempt to restate this claim as a federal claim. However, to the extent that this cause of action is intended to assert a claim under federal law, it is governed by ERISA, and it too must be dismissed for failure to exhaust administrative remedies before bringing this action.

iv. Equitable Relief

Plaintiff's amended complaint also seeks various forms of equitable relief. ERISA

permits a plaintiff to bring equitable claims under § 1132(a)(3), but only when she has no available remedy at law. In Varity Corp. v. Howe, the Supreme Court concluded that § 1132(a)(3) is a "safety net, offering appropriate equitable relief for injuries caused by violations that [§ 1132] does not elsewhere adequately remedy." 516 U.S. 489, 512 (1996). As the First Circuit explained, federal courts interpreting this language "have uniformly concluded that, if a plaintiff can pursue benefits under the plan pursuant to [§ 1132(a)(1)], there is an adequate remedy under the plan which bars a further remedy under [§ 1132(a)(3)]." LaRocca v. Borden, Inc., 276 F.3d 22, 28 (1st Cir. 2002).

The Fifth Circuit agrees. In Tolson, the court prohibited a plaintiff's claims for breach of fiduciary duty under ERISA because the plaintiff had adequate redress through a claim for benefits. Tolson v. Avondale Indus., 141 F.3d 604, 610 (5th Cir. 1998) ("Because [plaintiff] has adequate relief available for the alleged improper denial of benefits through his right to sue the Plans directly under section 1132(a)(1), relief through the application of Section 1132(a)(3) would be inappropriate."). In a similar case, the plaintiff alleged wrongful denial of medical benefits under an ERISA plan, and the Fifth Circuit held that the plaintiff could not also maintain a claim for breach of fiduciary duty under ERISA. Hollingshead v. Aetna Health Inc., 589 Fed. App'x. 732, 737 (5th Cir. 2014) ("[T]he simple fact that [plaintiff] cannot prevail on his claim under section 1132(a)(1) does not make his alternative claim under section 1132(a)(3) viable."); see Musmeci v. Schwegmann Giant Super Markets, Inc., 332 F.3d 339, 349 n. 5 (5th Cir. 2003) ("Because we have found a remedy is available at law under Section

[1132](a)(1)(B), the Plaintiffs are foreclosed from equitable relief under Section [1132](a)(3)].").

Plaintiff brings equitable claims for detrimental reliance, promissory estoppel or equitable estoppel, reformation, and unjust enrichment, as well as two claims of breach of fiduciary duty. As discussed above in section B.ii, because Plaintiff's claim is fundamentally that she was wrongfully denied benefits, she has an adequate remedy under § 1132(a)(1). Therefore, she is not permitted to bring alternative equitable claims. Plaintiff's equitable claims must be dismissed with prejudice.

Finally, Plaintiff argues that if Mr. Swenson "was not eligible for coverage under the plan," then he was not "a participant or beneficiary in an ERISA" plan, and Plaintiff's claims would not be governed by ERISA. Record Document 36, p. 10. This is both a misunderstanding of the cases and a mischaracterization of Plaintiff's own claims. Plaintiff cites for support a Fourth Circuit case in which the court found that ERISA did not preempt claims when a plaintiff was not a participant in an ERISA plan. Gardner v. E.I. DuPont De Nemours and Co., Inc., 165 F.3d 18 (4th Cir. 1998). The plaintiff's employer offered employees who retired after more than 15 years at the company the opportunity to continue their life insurance plan after retirement. Id. Employees who retired with less than 15 years employment had no such option. Id. The plaintiff retired after 9 years at the company, making him unquestionably ineligible to continue his life insurance plan. Id. The court found that because he was clearly not a participant in the plan, and had no colorable claim that he was a participant in the plan, ERISA did not

preempt his state-law claims. Id.

This case is different for two reasons. First, as the Court has repeatedly noted, the essence of Plaintiff's complaint is that she was wrongfully denied life insurance benefits by defendants. Plaintiff cannot both claim benefits are owed and also claim she has no colorable claim to benefits. Second, the facts here are not so inarguable as in Gardner. Mr. Swenson took a leave of absence from his employment at Eldorado, for, it appears, just over a year, from January 1, 2013, to January 27, 2014. Record Document 36, p.2-3. Plaintiff asserts that he remained on Eldorado's payroll during this time, and after his doctor cleared Mr. Swenson to return to work, an Eldorado human resources employee wrote to Plaintiff that Mr. Swenson was "not terminated." Record Document 36, p. 4. The state of Mr. Swenson's employment is unclear to the Court, but it need not be resolved here. These facts are enough to establish that Plaintiff has a colorable claim to benefits. Her claims are, therefore, governed by ERISA.

C. United of Omaha

United of Omaha asserts that Plaintiff's state law claims should be dismissed because they are preempted by ERISA. Record Document 51-1, p. 8. The Court has not previously considered any of Plaintiff's claims against United of Omaha, because no copy of the United of Omaha policy or other evidence of the applicability of ERISA was presented. Record Document 35, p.9.

ERISA establishes an exclusive federal regulatory regime over employee benefit plans. When an employee benefit arrangement is an ERISA plan, ERISA preempts any

state law claims that relate to the plan. Aetna Health, Inc. v. Davila, 542 U.S. 200, 208 (2004). The Fifth Circuit applies a three-factor test to determine whether an employee benefit arrangement is an ERISA plan. Shearer v. Southwest Serv. Life Ins. Co., 516 F.3d 276, 279 (5th Cir. 2008). The employee benefit arrangement must be: "(1) a plan, (2) not excluded from ERISA coverage by the safe-harbor provisions established by the Department of Labor, and (3) established or maintained by the employer with the intent to benefit employees." Id.

The Supreme Court distinguishes between stand-alone benefits and full-fledged plans; only the latter are governed by ERISA. Peace v. Am. Gen. Life Ins. Co., 462 F.3d 437, 440 (5th Cir. 2006). A plan exists under ERISA when the employer maintains an ongoing administrative scheme to provide employee benefits. Id. The purchase of insurance, by itself, "does not conclusively establish a plan." Memorial Hosp. Sys. v. Northbrook Life Ins. Co., 904 F.2d 236, 242 (5th Cir. 1990).

In Peace, the Fifth Circuit found that an employer had no ongoing administrative scheme when its role was limited to choosing a funding mechanism, calculating the required contributions to the annuity, shopping for the annuity, and ensuring the eventual payment of benefits. Id. In Shearer, the Fifth Circuit found that there was no ERISA plan in a case where the employer paid premiums on two policies for two employees, but did not provide insurance for any other employees. Shearer, 516 F.3d at 280. Even in this case, the Court relied on a declaration presented by Lincoln National, stating the facts of the policy and the details of the administrative tasks performed by

Eldorado, in order to determine whether Lincoln National's plan qualified as an ERISA plan. Record Document 30, p. 5-6.

United of Omaha has, for a second time, submitted no facts in support of its claim that the plan it issued to Eldorado is an ERISA plan. Despite stating that it "hereby submits a copy of the policies issued by United of Omaha" to Eldorado, no such submission is attached to its motion, or contained in any other of its filings to date. Record Document 45-1, p. 4. Instead, United of Omaha argues only that "[t]his Court had already determined that Plaintiff's state law claims were preempted by ERISA and, as such, the state law causes of action asserted in the Amended Complaint should again be dismissed," wholly failing to note that those claims were dismissed only as to Lincoln National. Record Document 45-1, p. 4.

The only evidence relating to United of Omaha's plan comes from Plaintiff, who submitted the United of Omaha policy with her amended complaint. Record Documents 36-7, 36-8, and 36-9. However, the policy, standing alone, does not conclusively establish the existence of an ERISA plan. The policy sets out various benefits, procedures, and requirements, but it does not address the policy's administration or implementation by Eldorado. Plaintiff asserts that Eldorado was the United of Omaha plan administrator (Record Document 36, p. 30), and neither defendant disagrees. No further detail of this administration is provided. United of Omaha has not offered the sort of facts which would allow the Court to determine whether United of Omaha, through Eldorado, provided a plan within the meaning of ERISA, whether ERISA safe-

harbor provisions apply, and whether Eldorado established or maintained the plan with the intent to benefit its employees. Without these facts, the Court cannot determine whether the United of Omaha plan is an ERISA plan. If ERISA does not apply, the Court may lack jurisdiction over this case, as no other basis for jurisdiction has been asserted.

Given this lack of information, United of Omaha's motion must be denied. United of Omaha is granted leave to reurge its motion within 60 days of the date of this order to state sufficient facts from which the Court may determine the applicability of ERISA to its plan. Plaintiff may, of course, oppose any reurged motion. If no motion is timely filed, Plaintiff's state law claims must be remanded for lack of subject matter jurisdiction.

### D. Eldorado

Eldorado, like United of Omaha, argues that Plaintiff's state law claims are preempted by ERISA. Record Document 51-1, p. 13. Eldorado argues that when a plaintiff brings suit "complaining of a denial of coverage," and when the plaintiff "is entitled to such coverage only because of the terms of an ERISA-regulated employee benefit plan...then the suit falls within the scope of ERISA." Id. at 12. This statement of preemption doctrine assumes an important fact: that the employee benefit plan at issue is in fact an ERISA plan. In many cases, the parties all agree that the employee benefit plan is an ERISA plan, and so the court is not required to consider the issue. This was the case, for example, in Cefalu v. B.F. Goodrich Co., 871 F.2d 1290 (5th Cir. 1989), on which Eldorado relies. It was undisputed that the employee benefit plan at issue in that

case was covered by ERISA, and the Court was therefore not required to determine whether the plan was an ERISA plan. Id. at 1291 n.1.

Here, Plaintiff disputes that the United of Omaha plan is an ERISA plan. In order to succeed on its preemption argument, Eldorado must first establish that the United of Omaha plan is an ERISA plan. As discussed above, the Fifth Circuit uses a three-factor test to determine whether an employee benefit arrangement is an ERISA plan. Shearer, 516 F.3d at 279. To that end, Eldorado's motion to dismiss is denied, and Eldorado is granted leave to reurge its motion to dismiss within 60 days of the date of this order to state sufficient facts from which the Court may determine the applicability of ERISA to the United of Omaha plan. Plaintiff may, of course, oppose any reurged motion. If no motion is timely filed, the Plaintiff's state law claims must be remanded for lack of subject matter jurisdiction.

## III. Conclusion

In light of the light of the analysis above, Lincoln National's Motion To Dismiss [Record Document 37] is **GRANTED**. Plaintiff's claim for denial of benefits and her claims for violation of COBRA against Lincoln National are **DISMISSED WITHOUT PREJUDICE**, and her claims for equitable relief and breach of fiduciary duty against Lincoln National are **DISMISSED WITH PREJUDICE**.

United of Omaha's Motion To Dismiss [Record Document 45] and Eldorado's Motion To Dismiss [Record Document 51] are **DENIED**, with the right to reurge their motions by within 60 days of the date of this order to assert the facts necessary for a

determination of jurisdiction under ERISA. If no new motions to dismiss are filed by within 60 days of the date of this order, the Clerk of Court is directed to remand this case, for lack of subject matter jurisdiction, to the First Judicial District, Caddo Parish, where it was pending as suit number 585387-B.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 19th day of October, 2016.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE