# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| KATHERYN SWENSON | CIVIL ACTION NO. 15-CV-2042 |
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| ELDORADO CASINO SHREVEPORT JOINT VENTURE, ET AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court are two motions to dismiss, filed by Defendant Eldorado Casino Shreveport Joint Venture ("Eldorado") [Record Document 61] and Defendant United of Omaha Life Insurance Co. ("United of Omaha") [Record Document 62], and a motion to strike affidavits filed by Plaintiff Katheryn Swenson [Record Document 69]. These are the third motions to dismiss filed by these Defendants. Previously, the Court dismissed all claims against Defendant Lincoln National Life Insurance Co., but was unable to consider motions to dismiss by United of Omaha and Eldorado because the Court lacked the necessary information to determine whether Plaintiff's claims are governed by ERISA, and therefore whether this Court had subject matter jurisdiction. Defendants have now re-urged their motions with additional supporting evidence of jurisdiction under ERISA. These motions incorporate the earlier motions to dismiss brought by each Defendant. Record Documents 17, 18, 45, 51.

For the reasons discussed below, Defendant Eldorado's motion to dismiss [Record Document 61] and Defendant United of Omaha's motion to dismiss [Record Document 62] are **GRANTED**. Plaintiff's state law claims against both Defendants are

**dismissed with prejudice** as preempted by ERISA. Plaintiff's claim for denial of benefits under ERISA is **dismissed without prejudice** for failure to exhaust administrative remedies. Plaintiff's claims for equitable relief under ERISA and her claim for violation of COBRA are **dismissed with prejudice**. Plaintiff's motion to strike affidavits [Record Document 69] is **DENIED**. Plaintiff's motion to conduct discovery [Record Document 76] is **DENIED as moot**.

## I. Background

The facts in this matter have been amply stated in the Court's earlier opinions. Record Documents 35, 60. Plaintiff's amended complaint alleges six state law claims against the remaining Defendants: negligence, equitable estoppel, detrimental reliance, "negligence in law/negligence per se," bad faith, and breach of contract. Record Document 36, pp. 10-17. Plaintiff further alleges thirteen "federal causes of action" against these Defendants, entitled: breach of fiduciary duty under ERISA, Conversion/Portability/Continuation/Eligibility Waiting Period rights, detrimental reliance, promissory estoppel or equitable estoppel, futility of administrative appeals, reformation, breach of fiduciary duty by misrepresentation of plan terms, injunctive relief, declaratory judgment relief, attorney fees, unjust enrichment, discovery sought for complete administrative record, and an "uninsured status claim against Eldorado," which is essentially a restatement of her breach of fiduciary duty claim. Id., pp. 18-46; Record Document 67, p. 24 ("This claim pleads Eldorado violated its fiduciary duties under ERISA...").

As the Court has noted previously, injunctive relief, attorney's fees, and discovery are not stand-alone causes of action, and are treated as part of Plaintiff's prayer for relief. Record Document 60, p. 4. The remaining federal claims essentially fall into two categories: denial of benefits under ERISA, and claims for equitable remedies under ERISA.

## II. Discussion

### A. Standard of Review

In order to survive a motion to dismiss under Rule 12(b)(6), a plaintiff's complaint must "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678. In determining whether the plaintiff has stated a plausible claim, the court must construe the complaint in the light most favorable to the plaintiff, see In re Great Lakes Dredge & Dock Co. LLC, 624 F.3d 201, 210 (5th Cir. 2010), and accept as true all of the well-pleaded factual allegations in the complaint. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2009). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. Thus, the Court does not have to accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." Plotkin v. IP Axess Inc., 407 F.3d 690, 696 (5th Cir. 2005).

Plaintiff devotes several pages of her opposition to these motions to the argument that the plan should be construed in her favor, and several more to a section she labels "Uncontested Facts." Record Document 68, pp. 4-11. She also argues that "there are questions of fact" that warrant denial of the motions to dismiss. Id., p. 16. The Court notes that, at this stage, no substantive question of construction of the plan has been reached, nor does the Court inquire into disputes of fact. As discussed above, the standard of review for a motion to dismiss requires the Court to accept all of Plaintiff's factual allegations as true.

B. Motion to Strike Affidavits

At the outset, the Court considers Plaintiff's motion to strike Defendants' affidavits. As discussed below in more detail, in order to establish jurisdiction under ERISA, Defendants must show that the benefit arrangement at issue in this case is an ERISA plan. In order to make this showing, Defendants submitted two affidavits, one from an employee of Eldorado and one from an employee of United of Omaha, setting out the administration, funding, and maintenance of the United of Omaha policy issued to Eldorado. Record Documents 61-1, 62-2.

A motion to strike may be brought under Rule 12(f) to strike matter that is "redundant, immaterial, impertinent, or scandalous." Fed. R. Civ. P. 12(f). Plaintiff does not contend that the affidavits are any of these things, instead objecting that the affidavits cannot be submitted because the Court is required to consider only the administrative record, and that Renee Turco's affidavit, submitted by United of Omaha,

contains the impermissible legal conclusion that Plaintiff failed to exhaust her administrative remedies and other factual conclusions. Record Document 69-1. In support of her argument as to the administrative record, Plaintiff cites a First Circuit case in which the district court excluded from consideration an affidavit of a physician written several weeks after an insurer's denial of coverage. Lopes v. Met. Life Ins. Co., 332 F.3d 1 (1st Cir. 2003). The district court was conducting a substantive review of the plan administrator's decision, and the court of appeals confirmed that it was proper for the district court to only consider the administrative record that was available to the plan administrator at the time of its decision, and not an additional affidavit submitted weeks later. Id. That is not the analysis the Court undertakes here. The Court has not reached any substantive review of the plan administrator's decision, and the affidavits are not related to the administrative record. Defendants offered, and the Court considers, the affidavits for the limited purpose of establishing jurisdiction under ERISA. Plaintiff's statement of law is inapplicable. Similarly, the Court does not look to the statements made in the affidavits to determine whether Plaintiff has exhausted her administrative remedies. Turco's statements on that issue are irrelevant.

Moreover, the affidavits are a necessary component of the Court's jurisdictional determination. The Court must determine whether the benefit plan at issue in this case is an ERISA plan in order to determine if the Court has jurisdiction under ERISA. The Fifth Circuit requires that the Court assess whether the employee benefit arrangement is in fact a plan administered by the employer, not subject to safe harbor provisions,

and maintained for the benefit of employees, which the Court simply cannot do without the sort of facts supplied by Defendants in their affidavits. This was also the case as to Defendant Lincoln National, who also submitted an affidavit to establish the jurisdiction of this Court. Plaintiff is certainly entitled to dispute Defendants' facts about the plan or offer contradictory facts to show that the plan is not an ERISA plan, but Plaintiff has not done so, instead arguing only that the Court must strike necessary factual support for the jurisdictional question on grounds unrelated to jurisdiction. Plaintiff's motion to strike the affidavits [Record Document 69] is **DENIED**.

C. State Law Claims

ERISA establishes an exclusive federal regulatory regime over employee benefit plans. When an employee benefit arrangement is an ERISA plan, ERISA completely preempts any state law claims that relate to the plan. Aetna Health, Inc. v. Davila, 542 U.S. 200, 208 (2004). The Fifth Circuit applies a three-factor test to determine whether an employee benefit arrangement is an ERISA plan. Shearer v. Southwest Serv. Life Ins. Co., 516 F.3d 276, 279 (5th Cir. 2008). The employee benefit arrangement must be: "(1) a plan, (2) not excluded from ERISA coverage by the safe-harbor provisions established by the Department of Labor, and (3) established or maintained by the employer with the intent to benefit employees." Id.

The Supreme Court distinguishes between stand-alone benefits and full-fledged plans; only the latter are governed by ERISA. Peace v. Am. Gen. Life Ins. Co., 462 F.3d 437, 440 (5th Cir. 2006). A plan exists under ERISA when the employer maintains an

ongoing administrative scheme to provide employee benefits. Id. The purchase of insurance, by itself, "does not conclusively establish a plan." Memorial Hosp. Sys. v. Northbrook Life Ins. Co., 904 F.2d 236, 242 (5th Cir. 1990).

In Peace, the Fifth Circuit found that an employer had no ongoing administrative scheme when its role was limited to choosing a funding mechanism, calculating the required contributions to the annuity, shopping for the annuity, and ensuring the eventual payment of benefits. Id. In Shearer, the Fifth Circuit found that there was no ERISA plan in a case where the employer paid premiums on two policies for two employees, but did not provide insurance for any other employees. Shearer, 516 F.3d at 280. Even in this case, the Court relied on a declaration presented by Lincoln National, stating the facts of the policy and the details of the administrative tasks performed by Eldorado, in order to determine whether Lincoln National's plan qualified as an ERISA plan. Record Document 30, p. 5-6.

Defendants argue that the United of Omaha policy qualifies as an ERISA plan. Record Document 61-2, p. 11. United of Omaha offers the affidavit of Renee Turco, a Supervisor of Claims for United of Omaha, who swears that United of Omaha issued group insurance policies to Eldorado to fund a plan sponsored and administered by Eldorado. Record Document 62-2. The affidavit also swears that Eldorado "determined employee eligibility, coverage amounts, and provided United of Omaha with census information for the policies." Id., p. 2. Eldorado also coordinated submission of claims. Id. Eldorado offers the affidavit of Ashley Marshall, the benefits manager for Eldorado,

which similarly states that United of Omaha issued insurance policies to Eldorado to fund an employee welfare benefit plan established and maintained by Eldorado for its employees. Record Document 61-1. Plaintiff offers no competing facts as to plan management. It appears from these affidavits that Eldorado maintained an ongoing administrative scheme to provide employee benefits. The first and third prongs of the ERISA plan test are met: Eldorado's scheme is a plan, and it is maintained by Eldorado with the intent to benefit employees.

Defendants must also show that the benefit plan is not excluded from ERISA coverage by the safe-harbor provisions established by the Department of Labor. Shearer, 516 F.3d at 279. A plan falls within the safe-harbor provisions, and is not an ERISA plan, if: "(1) the employer does not contribute to the plan; (2) participation is voluntary; (3) the employer's role is limited to collecting premiums and remitting them to the insurer; *and* (4) the employer received no profit from the plan." Meredith v. Time Ins. Co., 980 F.2d 352, 355 (5th Cir. 1993). Defendants state that Eldorado did contribute to the United of Omaha plan. Record Document 61-1, p. 2. Plaintiff admits that the plan does not meet the safe-harbor criteria. Record Document 68, p. 4. Therefore, Defendants have demonstrated that the employee benefit plan at issue in this case is an ERISA plan.

Plaintiff argues that her state law claims are saved from preemption by ERISA's "savings" clause, 29 U.S.C. § 1144(b)(2)(B). Record Document 68, pp. 11-15. As the Court has previously noted, however, the savings clause "applies only to conflict or

statutory preemption under ERISA Section 514, 29. U.S.C. § 1144(a). The savings clause does not apply to the concept of complete preemption under ERISA Section 502. Quality Infusion Care, Inc. v. Humana Health Plan of Texas, Inc., 290 Fed. Appx. 671, 681 (5th Cir. 2008)." Record Document 30, pp. 10-11. Because Plaintiff's claim is for benefits under section 502 (29 U.S.C. § 1132) this is a case of complete preemption. The savings clause does not apply.

ERISA preempts all state law claims related to qualified employment benefit plans. Defendants have shown that the plan at issue here is a qualified employment benefit plan and Plaintiff has not argued otherwise. Therefore, all of Plaintiff's state law claims against Eldorado and United of Omaha are preempted by ERISA and must be **dismissed with prejudice**.

D. Denial of Benefits Under ERISA

As this Court has previously noted, Plaintiff's suit is fundamentally a claim for benefits, although none of her federal causes of action are titled as such. Record Documents 35, p. 1; 60, p. 6. Nevertheless, as with the claims against Lincoln National, the Court reads Plaintiff's complaint to allege, under 29 U.S.C. § 1132(a)(1)(B), that Defendants wrongfully denied life insurance plan benefits. Record Document 60, p. 6.

ERISA provides a plan participant or beneficiary with a cause of action to recover benefits allegedly due to her under the terms of the plan, to enforce her rights under the plan, or to clarify her rights to future benefits under the terms of the plan. 29 U.S.C. § 1132(a)(1)(B). However, a plaintiff claiming benefits owed under an ERISA plan "must

first exhaust available administrative remedies under the plan before bringing suit to recover benefits." Bourgeois v. Pension Plan for Employees of Santa Fe Intern. Corps., 215 F. 3d 475, 479 (5th Cir. 2000). When attempts to exhaust the administrative review process would be futile, exhaustion is not required. Id. Plaintiff argues, as she did as to Lincoln National, that administrative exhaustion would be futile in this case because "Eldorado, the administrator of both relevant life insurance plans, actively participated in the claims process and advocated as the plan administrator on behalf of plaintiff for benefits." Record Document 36, p. 30. As the Court has noted, this is an argument that if Eldorado could not succeed in the claims process, no one could. Record Document 60, p. 6.

This definition of futility falls far short of the Fifth Circuit's requirement that "[e]xhaustion is to be excused only in the most exceptional of circumstances." Davis v. AIG Life Ins. Co., 85 F.3d 624 (5th Cir. 1996) (finding no futility where the plaintiff argued that only insurance company personnel would be involved in the review process, all but assuring she would not succeed."); see Record Document 60, pp. 7-8. Plaintiff offers no evidence that she has exhausted United of Omaha's administrative appeal process. Instead, she advances two new arguments for the first time in opposition to United of Omaha's motion to dismiss. First, she argues that she did exhaust administrative remedies because Eldorado made a "verbal appeal...on plaintiff's behalf." Record Document 68, p. 17. This argument is inconsistent with the complaint: either Plaintiff did not appeal United of Omaha's denial of benefits decision because she

believed such appeal would be futile, or she did appeal, in the form of a verbal request made by Eldorado. Second, she argues that United of Omaha's denial of benefits letter did not comply with the Code of Federal Regulations. Record Document 68, pp. 17-21. The Court interprets these new arguments as belated and improper attempts to amend the complaint. A plaintiff may not assert new allegations, based on facts not previously asserted, or contradict facts previously alleged, in her attempt to avoid dismissal.

Plaintiff has not shown that she exhausted the administrative appeals process, and therefore her claim against United of Omaha for denial of benefits in violation of ERISA must be **dismissed without prejudice** as premature.

Plaintiff further argues that there is no exhaustion requirement as to Eldorado because Eldorado is not the insurer and has no administrative appeal procedure of its own. Record Documents 36, p. 32; 67, p. 17. The cases uniformly hold that a plaintiff must exhaust her administrative remedies before she may file a claim for wrongful denial of benefits under ERISA. Hall v. Nat'l Gypsum Co., 105 F.3d 225, 231 (5th Cir. 1997). Plaintiff points to no case, and the Court is aware of no case, holding that this requirement applies only to the insurer but not to the plan administrator. Indeed, such a limitation would contravene the purpose of the exhaustion requirement: "minimizing the number of frivolous ERISA suits, promoting the consistent treatment of benefit claims, providing a nonadversarial dispute resolution process, and decreasing the time and cost of claims settlement...provide a clear record of administrative action if litigation should ensue, and to assure that judicial review is made under the arbitrary and

capricious standard, not de novo." Id. Allowing Plaintiff to proceed against the plan administrator while requiring her to exhaust the administrative appeals process as to the insurer on the same claim would create confusion and put this Court in the position of conducting a substantive analysis as to the plan administrator that may be contradicted by the administrative appeal as to the insurer. Moreover, if Plaintiff were successful on administrative appeal and received benefits, she would have no claim against Eldorado at all. Plaintiff cannot proceed on the same claim against different Defendants in parallel venues. She is required to exhaust the insurance company's administrative appeals before she may bring suit under ERISA. This requirement applies to her claim against Eldorado.

E. Violations of COBRA

Plaintiff's complaint also alleges violations of COBRA. COBRA, the Consolidated Omnibus Budget Reconciliation Act, amends ERISA to provide for continued insurance coverage under certain circumstances and with certain requirements. 29 U.S.C. § 1161 et seq. COBRA applies to health insurance, but not to life insurance. Noel v. Laclede Gas Co., 612 F. Supp. 2d 1061, 1064 (E.D. Mo. 2009) ("COBRA notification requirements are inapplicable to life insurance"); see Robin v. Met. Life. Ins. Co., 147 F.3d 440, 442 n.4 (5th Cir. 1998) ("ERISA was amended in part by [COBRA] without, however, affecting life insurance."). Therefore, there can be no claim under COBRA related to Plaintiff's life insurance plan, and so the claims against both Defendants for violation of COBRA must be **dismissed with prejudice.**

F. Equitable Relief

The remaining causes of action in the amended complaint seek various forms of equitable relief. ERISA permits a plaintiff to bring equitable claims under § 1132(a)(3), but only when she has no available remedy at law. In Varity Corp. v. Howe, the Supreme Court concluded that § 1132(a)(3) is a "safety net, offering appropriate equitable relief for injuries caused by violations that [§ 1132] does not elsewhere adequately remedy." 516 U.S. 489, 512 (1996). As the First Circuit explained, federal courts interpreting this language "have uniformly concluded that, if a plaintiff can pursue benefits under the plan pursuant to [§ 1132(a)(1)], there is an adequate remedy under the plan which bars a further remedy under [§ 1132(a)(3)]." LaRocca v. Borden, Inc., 276 F.3d 22, 28 (1st Cir. 2002).

The Fifth Circuit agrees. In Tolson, the court prohibited a plaintiff's claims for breach of fiduciary duty under ERISA because the plaintiff had adequate redress through a claim for benefits. Tolson v. Avondale Indus., 141 F.3d 604, 610 (5th Cir. 1998) ("Because [plaintiff] has adequate relief available for the alleged improper denial of benefits through his right to sue the Plans directly under section 1132(a)(1), relief through the application of Section 1132(a)(3) would be inappropriate."). In a similar case, the plaintiff alleged wrongful denial of medical benefits under an ERISA plan, and the Fifth Circuit held that the plaintiff could not also maintain a claim for breach of fiduciary duty under ERISA. Hollingshead v. Aetna Health Inc., 589 Fed. App'x. 732, 737 (5th Cir. 2014) ("[T]he simple fact that [plaintiff] cannot prevail on his claim under

section 1132(a)(1) does not make his alternative claim under section 1132(a)(3) viable."); see Musmeci v. Schwegmann Giant Super Markets, Inc., 332 F.3d 339, 349 n.5 (5th Cir. 2003) ("Because we have found a remedy is available at law under Section [1132](a)(1)(B), the Plaintiffs are foreclosed from equitable relief under Section [1132](a)(3).").

Plaintiff disputes this reading, arguing that because Rule 8 permits a plaintiff to plead in the alternative, she can plead alternative claims for denial of benefits under ERISA and for equitable relief under ERISA. Record Document 67, pp. 9-10. The Federal Rules of Civil Procedure are just that – rules of procedure, which govern the procedure in all civil actions in federal courts. Fed. R. Civ. P. 1. The Federal Rules do not displace substantive law. The substantive law of ERISA prohibits a plaintiff from bringing a claim for equitable relief under section 1132(a)(3) when she has a remedy available under section 1132(a)(1). Because Plaintiff alleges that she was wrongfully denied benefits under section 1132(a)(1), she may not bring claims for equitable relief under section 1132(a)(3).

This requirement applies to both United of Omaha and Eldorado. Plaintiff argues, without support, that she may bring a breach of fiduciary duty claim against Eldorado because that claim is "not for life insurance benefits." Record Document 67, p. 9. The Court agrees; a claim for benefits and a claim for breach of fiduciary duty are different types of claims. But Plaintiff's fundamental claim in this case is that she was wrongfully denied life insurance benefits. As the Court has explained at length, Plaintiff may not

bring the breach of fiduciary claim, or any other equitable claim, when she has a claim for denial of benefits. This is the case even when the denial of benefits claim is brought against only the insurer, not the employer. Met. Life Ins. Co. v. Palmer, 238 F. Supp. 2d 826, 830 (E.D. Tex. 2002) ("Because [Plaintiff] is currently pursuing a claim against the relevant plans for benefits, under the law of this circuit, he cannot simultaneously sue [his employer] for breach of fiduciary duty. Additionally, even if [Plaintiff]'s claim under section 1132(a)(1)(B) is unsuccessful, that would not make this alternative claim for equitable relief viable.").

Plaintiff also argues that the Supreme Court, in CIGNA Corp. v. Amara, "did not hold that [section] 1132(a)(1)(B) was the exclusive remedy like Eldorado claims in this case." Record Document 67, p. 14; 563 U.S. 421 (2011). However, as the Fifth Circuit has explained, Amara "stated an expansion of the kind of relief available under [section 1132(a)(3)] when the plaintiff is suing a plan fiduciary and the relief sought makes the plaintiff whole for losses caused by the defendant's breach of a fiduciary duty." Gearlds v. Entergy Servs., Inc., 709 F.3d 448, 450 (5th Cir. 2013). In Amara, the district court found that an employer had intentionally misled the employees about its retirement plan, and reformed the plan accordingly. Id. The Supreme Court held that section 1132(a)(1) did not authorize such relief, but that it might be available under section 1132(a)(3). The Fifth Circuit concluded that "Amara's pronouncements about surcharge as a potential remedy under [section 1132(a)(3)] should be followed." Id. Therefore, in this Circuit, surcharge or "make-whole" damages are an available equitable remedy

under ERISA section 1132(a)(3). This does not change the rule that equitable remedies are only available when a plaintiff has no remedy available at law. Plaintiff's claim is that surcharge is an available equitable remedy under section 1132(a)(3). On this point the Court agrees, but it is nonetheless the case that Plaintiff may seek no equitable remedies of any kind under section 1132(a)(3) because she has brought a claim for denial of benefits, a remedy at law. Throughout her complaint, Plaintiff asserts that she was wrongfully denied benefits under the United of Omaha life insurance plan, and that she is entitled to those benefits. See e.g. Record Document 36, p. 17 ("[P]laintiff is entitled to 'recover benefits due to her under the terms of each plan...' "). She may not also assert claims for equitable relief.

Plaintiff brings equitable claims for detrimental reliance, promissory estoppel or equitable estoppel, reformation, and unjust enrichment, as well as two claims of breach of fiduciary duty, and one claim for "uninsured status," which is also essentially a restatement of her breach of fiduciary duty claim. Record Document 67, p. 24 ("This claim pleads Eldorado violated its fiduciary duties under ERISA..."). These claims must be **dismissed with prejudice**.

### III. Conclusion

For the reasons discussed above, Defendant Eldorado's motion to dismiss [Record Document 61] and Defendant United of Omaha's motion to dismiss [Record Document 62] are **GRANTED**. Plaintiff's state law claims against both Defendants are **dismissed with prejudice** as preempted by ERISA. Plaintiff's claim for denial of

benefits under ERISA is **dismissed without prejudice** for failure to exhaust administrative remedies. Plaintiff's claims for equitable relief under ERISA and her claim for violation of COBRA are **dismissed with prejudice**. Plaintiff's motion to strike affidavits [Record Document 69] is **DENIED**. Plaintiff's motion to conduct discovery [Record Document 76] is **DENIED as moot**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 7th day of April, 2017.

Elizabeth Erny Foote
United States District Judge